IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UPMC ST. MARGARET HOSPITAL, ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL O. LEAVITT, as the Secretary ) <br> of the United States Department of Health ) <br> and Human Services, ) <br>     Defendant. ) | Civil Action No. 06-1237 |

MEMORANDUM ORDER

Pending before the Court are PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Document No. 30), which recommended that the Court grant DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Document No. 24). Defendant did not file a response. However, given the procedural history of this matter, a response is not necessary.

This case involves a challenge to an administrative decision, namely the denial of medicare reimbursement claims arising from the treatment of depreciation following the merger of St. Margaret Health System and St. Margaret Memorial Hospital (collectively "St. Margaret") into UPMC. On July 27, 2007, Magistrate Judge Mitchell filed a Report and Recommendation ("R&R") that recommended that the motion for summary judgment filed by Plaintiff UPMC St. Margaret Hospital ("UPMC") be denied and found that the administrative decision by the Secretary of the Department of Health and Human Services was based on substantial evidence. UPMC filed objections and Defendant responded. On September 4, 2007, this Court adopted the R&R as the opinion of the Court and denied UPMC's motion for summary judgment.

Upon receipt of the September 4, 2007 Court Order, Defendant filed a cross-motion for summary judgment (Document No. 24), contending that this Court's determination that the administrative decision was supported by substantial evidence and was therefore dispositive and entitled Defendant to judgment as a matter of law. On November 5, 2007, the Magistrate Judge filed a second R&R (Document No. 29), which mirrors the previously-filed R&R. UPMC then filed the pending objections which are a virtual repeat of its earlier objections.

Judicial review of a final agency decision is limited to a determination of whether the agency action was arbitrary, capricious or an abuse of discretion or otherwise not in accordance with law or unsupported by "substantial evidence." The courts must give substantial deference to the agency's interpretation of its own medicare regulations. *See* R&R at 7-8.

Given the limited scope of judicial review, Defendant is correct that the Court's determination in the September 4, 2007 Order that the agency decision was supported by substantial evidence is dispositive of this entire case. The denial of UPMC's motion for summary judgment does, in practical effect, mandate the granting of Defendant's motion for summary judgment. The Court will not revisit the merits of UPMC's renewed objections because its earlier ruling is now the "law of the case" and Plaintiff has not pointed to any applicable exception to this doctrine. *See, e.g., Casey v. Planned Parenthood of Southeastern Pa.*, 14 F.3d 848, 862 (3d Cir. 1994). The R&R of the Magistrate Judge is adopted as the opinion of the Court.

Accordingly, PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Document No. 30) are **DENIED** and DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT (Document No. 24) is **GRANTED**.  The clerk will docket this case closed.

SO ORDERED this 12th day of December, 2007.

BY THE COURT:

s/  Terrence F. McVerry
United States District Court Judge

cc:  Albert W. Schollaert, AUSA
Samuel W. Braver
Robert B. Ramsey, III
Brendan G. Stuhan
Jan O. Wenzel